

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00828-CR

Gregory G. **PAEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR7573
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: September 11, 2019

AFFIRMED

A jury convicted appellant Gregory Paez of burglary, and the trial court assessed punishment at twenty years' imprisonment plus $5,000.00 restitution. In a single issue on appeal, Paez contends the trial court erred by overruling his objections to two telephone call recordings because the recordings were not properly authenticated. We affirm the judgment of the trial court.

## BACKGROUND

Paez is the brother of complainant Bernard Lawson's girlfriend, Delia. Lawson and Delia began dating in December 2016, and Delia moved in with Lawson in January 2017. On April 18,

2017, Paez visited Delia at Lawson's home. According to Lawson, Paez had visited his home only a few times between mid-January 2017 and mid-April 2017.

On April 20, 2017, Paez arrived at Lawson's home uninvited and unannounced, requesting to take a shower. According to Lawson, this was surprising because Paez knew Lawson was going to be out of town for approximately two weeks. Lawson allowed Paez to shower in a guest bathroom, but did not permit him access to any other areas of the home. Lawson related that he and Paez discussed a laptop computer from Lawson's garage that Paez said Delia had given him. Lawson told Paez the laptop was not Delia's to give away and that Paez needed to return the laptop. As Lawson drove Paez to Haven for Hope, Paez asked Lawson about his plans to go out of town. On April 21, 2017, Paez called Lawson, again asking when Lawson intended to be out of town.

On Saturday, April 22, 2017, Lawson left his house around 9:30 a.m., returning at approximately 11:00 a.m. Upon his return, Lawson noticed the normally-closed door between the house and garage was open. When Lawson entered the house, the French doors leading to the backyard were "open and leaning" and the house had been ransacked. Lawson contacted authorities, who began an investigation. Lawson determined several items, valued at approximately $21,000.00, were missing from his home. Ultimately, officers arrested Paez for burglary of a habitation.

### ADMISSION OF RECORDED TELEPHONE CONVERSATIONS

Paez contends the trial court erred by admitting State's Exhibit No. 2, which contained recordings of two telephone calls made by Paez to Lawson from the Bexar County Jail. Paez argues the witness through whom the exhibit was admitted lacked "personal knowledge of how the process works" and, therefore, the State failed to properly authenticate State's Exhibit No. 2.

**Applicable Law and Standard of Review**

Authentication of evidence is a condition precedent to its admissibility. *See* TEX. R. EVID. 901(a); *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). The proponent of the evidence must "make a threshold showing that would be 'sufficient to support a finding that the matter in question is what its proponent claims.'" *Tienda*, 358 S.W.3d at 638 (quoting TEX. R. EVID. 901(a)). "The proponent of [the] evidence does not need to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.) (internal quotation omitted). The proponent must only produce sufficient evidence to support a reasonable fact finder's determination that the proffered evidence is authentic. *Tienda*, 358 S.W.3d at 638. Rule of Evidence 901(b) provides an illustrative, though not exhaustive, list of examples of extrinsic evidence that satisfies the requirement of authentication. *See* TEX. R. EVID. 901(b)(1)–(10).

We review a trial court's decision to admit evidence over an authentication objection for an abuse of discretion. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018); *Tienda*, 358 S.W.3d at 638. If the trial court's ruling is within the zone of reasonable disagreement, we will not interfere. *Fowler*, 544 S.W.3d at 848; *Tienda*, 358 S.W.3d at 638.

**Discussion**

At trial, the State moved to admit State's Exhibit No. 2, a disc containing the audio recording of the two telephone calls Paez made to Lawson, during the testimony of Sylvia Castillo. Castillo, the custodian of records for IC Solutions, the company that handles communications for the Bexar County Jail, explained the Enforcer recording system for the jury. Castillo explained that when inmates are booked into the Bexar County Jail, they undergo an enrollment process during which inmates' identification numbers ("SID") are matched with a self-chosen pass code,

their name, and their voice. Castillo further explained that when inmates make a telephone call, they must enter their SID and their pass code. The Enforcer system then prompts inmates to state their name. "[I]f everything matches with their voice element, then the system will allow the call to go out." Castillo testified that if anything does not match, including the voice, the system does not allow the call to be made.

Castillo further testified the system identified two telephone calls made using Paez's identification. The calls were recorded on April 28, 2017 and May 13, 2017, and each call was made using Paez's SID, pass code, and voice match. Castillo testified the voice she heard on the recorded calls was the same as the voice matched to Paez during his enrollment in the Enforcer system. During Lawson's testimony, the State played each recording, and Lawson testified regarding the telephone calls. Lawson testified he recognized Paez's voice, as well as his own, on the recordings.

The testimony provided by Castillo and Lawson was sufficient to establish the burden of authentication placed on the recordings by Rule 901. *See* TEX. R. EVID. 901(b)(5), (9). Under these circumstances, the trial court could have determined that a reasonable fact finder could properly find the recordings were what the State purported them to be — recorded telephone calls made by Paez from jail. *See Tienda*, 358 S.W.3d at 638. Accordingly, we conclude the trial court did not abuse its discretion by admitting the telephone call recordings.

Paez's sole issue on appeal is overruled.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH